UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KENNY HATCHER, | ) | Case No. CV 08-00042-OP |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

The Court[1] now rules as follows with respect to the two disputed issues listed in the Joint Stipulation ("JS").[2]

///
///

**I.**

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 8, 9.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

1. Whether the ALJ properly considered the treating physician's opinion of disability; and
2. Whether the ALJ properly assessed Plaintiff's credibility regarding his nonexertional limitations.

(JS at 7.)

## II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

///
///
///

## III.

# DISCUSSION

## A. The ALJ Properly Considered the Treating Physician's Opinions.

Plaintiff contends that the ALJ failed to properly consider the October 2, 2006, Physical Residual Functional Capacity Questionnaire of Anje Van Berckelaer, M.D., of the Harbor UCLA Medical Center, who diagnosed Plaintiff with chronic obstructive pulmonary disease ("COPD") and diabetes. (AR at 206.) Dr. Van Berckelaer stated that Plaintiff's symptoms include back pain and dyspnea. (Id.) She opined that Plaintiff could stand and/or walk for two hours in an eight-hour workday; sit for four hours in an eight-hour workday; sit and/or stand for no more than twenty minutes at a time; rarely lift ten pounds; is unable to work in environments with respiratory irritants; and would likely miss two days of work each month for treatment or related to the impairment. (Id. at 208-09.)

Plaintiff contends that the ALJ afforded undue deference to the August 4, 2005, Summary Report of the Complete Internal Medicine Evaluation of Nicol P. Lippman, M.D., of East West Medical. Dr. Lippman's diagnostic impression stated that Plaintiff is "unable to perform any job that calls for exertion . . . No other limiting factors." (Id. at 111.) Dr. Lippman opined that Plaintiff could stand and/or walk for two to six hours in an eight-hour workday; sit for prolonged periods of time; lift twenty-five pounds frequently; yet not work in environments with respiratory irritants. (Id.)

Specifically, Plaintiff contends that Dr. Van Berckelaer's opinions are consistent with Dr. Lippman's therefore, the ALJ was obligated to rely on Dr. Van Berckelaer's opinion to construct her decision unless Dr. Van Berckelaer's opinion could be rejected by clear and convincing reasons. (See JS at 8, 9.)

It is well-established in the Ninth Circuit that a treating physician's opinions are entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an

individual. McAllister v. Sullivan, 880 F.2d 1086, 1089 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. § 404.1527(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). If the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). The same standards apply to examining physicians. See, e.g., Lester, 81 F.3d at 830-31.

     In this case, the ALJ based her ruling on the report of Dr. Lippman who examined Plaintiff and opined that Plaintiff had fewer limitations than stated by Dr. Van Berckelaer. (AR at 111.) See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (the opinion of a nontreating source based on independent clinical findings may itself be substantial evidence). A conflict between the treating physician's opinion and the nontreating source's opinion based on clinical findings is for the ALJ to resolve. (Id.) Plaintiff contends that Dr. Van Berckelaer and Dr. Lippman provided consistent opinions. This is true with respect to Plaintiff's COPD, as both physicians recognized his breathing difficulty. However, the doctors' opinions conflict regarding Plaintiff's lower back pain which Dr. Van Berckelaer recognized but Dr. Lippman did not in the assessment

of Plaintiff's limitations. (AR at 111, 206.) Dr. Lippman's report is substantial evidence because it is based on her examination of Plaintiff. Andrews, 53 F.3d at 1041.

The ALJ's finding was also supported by the August 26, 2005, opinion of Lay K. Kay, M.D., of LabCorp San Diego. Dr. Kay based her assessment on her review of Plaintiff's medical record. Similar to Dr. Lippman, Dr. Kay opined that Plaintiff could stand and/or walk six hours in an eight-hour workday; sit for six hours in an eight-hour workday; frequently lift twenty-five pounds; occasionally lift fifty pounds; and should avoid respiratory irritants. (AR at 118, 121.) Both Dr. Lippman and Dr. Kay found Plaintiff capable of an even greater range of work than that ultimately assessed by the ALJ. (Id. at 111, 118, 121-22.)

The ALJ provided explicit reasons for rejecting Dr. Van Berckelaer's opinion stating that Dr. Van Berckelaer uncritically endorsed Plaintiff's subjective complaints, treated Plaintiff only for a brief period of time, and the evidence did not support the impairments Dr. Van Berckelaer provided in her opinion. (Id. at 23-24.) See Thomas, 278 F.3d at 957. In particular, Dr. Van Berckelaer noted Plaintiff's claims of back pain which remain conspicuously absent from Dr. Lippman's and Dr. Kay's opinions. (AR at 206.) The ALJ considered all three medical opinions and concluded based on substantial evidence in the record that the intensity of Plaintiff's back pain was not as disabling as Dr. Van Berckelaer stated. (Id. at 22, 212.) She noted that Plaintiff attended only two physical therapy sessions and that he failed to continue therapy, foregoing the third session. (Id. at 138-40.) The record also failed to indicate that Plaintiff underwent an x-ray or MRI which are typical of serious injuries.

Based on the foregoing, the Court finds that the ALJ's reasons for discounting the opinions expressed by Dr. Van Berckelaer were specific and legitimate and based on the substantial evidence of record. Thus, there was no

error.

### B. The ALJ Properly Considered Plaintiff's Credibility.

Plaintiff contends that the ALJ failed to properly assessed Plaintiff's credibility regarding his nonexertional limitations. (JS at 7.)

The ALJ found that Plaintiff had the medically determinable severe impairments of diabetes, hypertension, asthma, obesity, hypothyroidism, and a back pain syndrome. (AR at 22.) The ALJ also found that Plaintiff had the residual functional capacity to perform a range of light work, including lifting ten pounds; sitting for six hours during an eight-hour workday; standing and/or walking four hours in an eight-hour workday; and that he was unable to work in environments with concentrated exposure to respiratory irritants, such as dust, fumes, or gases. (Id.)

At the hearing, Plaintiff testified that he has difficulty performing exertional work and that his daily activities are limited. (Id. at 23.) He stated that he suffers from constant back pain and can sit for no more than ten to fifteen minutes at a time. (Id. at 225, 229.) He also stated that he has significant respiratory impairment and can lift no more than five pounds. (Id. at 228.) Plaintiff testified that he suffers from sleep apnea and that he suffers from a sleeping disorder where he falls asleep at random times. (Id. at 227, 229.)

An ALJ's credibility finding must be properly supported by the record and sufficiently specific to ensure a reviewing court that the ALJ did not arbitrarily reject a claimant's subjective testimony. Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir. 1991). An ALJ may properly consider "testimony from physicians . . . concerning the nature, severity, and effect of the symptoms of which [claimant] complains," and may properly rely on inconsistencies between claimant's testimony and claimant's conduct and daily activities. See, e.g., Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (citation omitted). An

1 | ALJ also may consider "[t]he nature, location, onset, duration, frequency,
2 | radiation, and intensity" of any pain or other symptoms; "[p]recipitating and
3 | aggravating factors"; "[t]ype, dosage, effectiveness, and adverse side-effects of
4 | any medication"; "[t]reatment, other than medication"; "[f]unctional restrictions";
5 | "[t]he claimant's daily activities"; "unexplained, or inadequately explained, failure
6 | to seek treatment or follow a prescribed course of treatment"; and "ordinary
7 | techniques of credibility evaluation," in assessing the credibility of the allegedly
8 | disabling subjective symptoms.  Bunnell, 947 F.2d at 346-47; see also Soc. Sec.
9 | Ruling 96-7p; 20 C.F.R. 404.1529 (2005); Morgan v. Comm'r of Soc. Sec.
10 | Admin., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly rely on plaintiff's
11 | daily activities, and on conflict between claimant's testimony of subjective
12 | complaints and objective medical evidence in the record); Tidwell v. Apfel, 161
13 | F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support,
14 | lack of treatment, daily activities inconsistent with total disability, and helpful
15 | medication); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may
16 | properly rely on the fact that only conservative treatment had been prescribed);
17 | Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on
18 | claimant's daily activities and the lack of side effects from prescribed medication).
19 |      Plaintiff contends the ALJ failed to properly evaluate Plaintiff's testimony
20 | of his nonexertional limitations.  (JS at 7.)  The ALJ found that Plaintiff's
21 | statements concerning the intensity, persistence and limiting effects of his
22 | symptoms were not entirely credible.  (AR at 23.)  The ALJ disputed the disabling
23 | nature of Plaintiff's back pain noting the August 4, 2005, report of Dr. Lippman
24 | which stated Plaintiff's "range of motion of the back is within normal limits"; he
25 | has a normal gait; and aside from Plaintiff's COPD, he has "[n]o other limiting
26 | factors."  (Id. at 110-11.)  Buttressing the ALJ's finding is the August 26, 2005,
27 | report of Dr. Kay.  Dr. Kay's medical assessment of Plaintiff is devoid of any
28 |

back limitation indicating that Plaintiff can stand and/or walk two to six hours and sit six hours in an eight-hour workday. (Id. at 118.) The ALJ also noted that the medical record does not document x-ray or MRI evidence that would support a more severe back impairment. (Id. at 24.)

While Dr. Van Berckelaer's report indicates that Plaintiff suffers from debilitating low back pain and prescribed him three physical therapy sessions, the ALJ was justified in discrediting Dr. Van Berckelaer's report as discussed in Section III.A, supra. (See AR at 142.) Moreover, the medical record indicates that Plaintiff failed to complete his physical therapy sessions. (Id. at 138.) See 20 CFR § 404.1530(a) and 416.930(a) ("In order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work."); see also Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995).

Plaintiff also testified that he suffers from sleep apnea. (AR at 227.) To determine whether Plaintiff's testimony regarding the severity of his symptoms is credible, the ALJ may consider "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996). The medical record fails to state that Plaintiff suffers from sleep apnea. Nor does Plaintiff use a sleep apnea machine to sleep at night, a common treatment for sleep apnea sufferers. (AR at 227.) Furthermore, Plaintiff was referred to a sleep study on two separate occasions yet did not participate on either occasion. (Id. at 84, 153.) Therefore, the ALJ reasonably concluded that Plaintiff's testimony was not credible.

The ALJ also questioned the severity of Plaintiff's impairment because he worked as an umpire during baseball season. (AR at 141.) The ALJ may rely on testimony by the claimant that appears less than candid and ordinary techniques of credibility evaluation including prior inconsistent statements concerning symptoms. Smolen, 80 F.3d at 1284. In this case, the ALJ reasonably concluded

that based on the often rigorous nature of baseball umpiring, Plaintiff's testimony regarding the severity of his impairment was cast into doubt.

The ALJ also discredited Plaintiff's testimony due to Plaintiff's non-compliance with his medication, diet, and the fact that he continued to smoke. The medical record indicates that Plaintiff failed to take his medications as directed. (AR at 86.) Plaintiff's contention that compliance with his prescribed medications is "no easy task and not indicative of noncompliance" is rejected. (JS at 16.) The ALJ was justified to find Plaintiff less credible because of medicinal noncompliance. See Soc. Sec. Ruling 96-7p (stating that an individual may be less credible for not following prescribed treatment without cause).

The medical record also indicates that Plaintiff failed to control his diet and smoking. While failure to lose weight is not indicative of non-compliance (see Soc. Sec. Ruling 02-1p), Plaintiff was ordered to control his intake irrespective of weight loss or gain, and the ALJ fairly concluded that Plaintiff's disregard for his physician's orders weakens Plaintiff's credibility. Orn v. Astrue, 495 F.3d 625, 637 (9th Cir. 2007), cited by Plaintiff, does not support Plaintiff's claim. In Orn, the plaintiff was not prescribed a diet and did not suffer from obesity. In this case, doctors routinely prescribed dieting for Plaintiff. (AR at 172, 174-76, 179-80.)

In making the credibility determination, the ALJ also relied in part on Plaintiff's continued smoking despite his COPD diagnosis and physician's repeated orders to stop. (Id. at 165, 172, 175.) An addiction to cigarettes, however, should not serve to discredit Plaintiff's description of his impairments. See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1227 (9th Cir. 2007) (citing Shramek v. Apfel, 226 F.3d 809, 812-13 (7th Cir. 2000) (nicotene's addictive properties make it extremely tenuous to discredit a Plaintiff's testimony based on continued smoking)). Even so, the ALJ presented several other independent bases for discounting Plaintiff's testimony, and each finds ample

1 support in the record. Therefore, the ALJ's reliance on Plaintiff's continued
2 smoking, even if erroneous, amounts to harmless error. See id. (citing Batson v.
3 Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1197 (9th Cir. 2004) (concluding
4 that even if the record did not support one of the ALJ's stated reasons for
5 disbelieving a claimant's testimony, the error was harmless).

6 Based on the foregoing, the Court finds the ALJ's credibility finding was
7 supported by substantial evidence and was sufficiently specific to permit the Court
8 to conclude that the ALJ did not arbitrarily discredit Plaintiff's subjective
9 testimony. Thus, there was no error.

## IV.
## ORDER

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: April 21, 2009

HONORABLE OSWALD PARADA
United States Magistrate Judge